———o———

No. 6917.

## COMMERCIAL SECURITY COMPANY v. ARTHUR L. JONES.

### Syllabus.

1. A purchaser at tax sale is not entitled to reimbursement of the price, taxes, costs, etc., paid by him when the adjudication is annulled on the ground that the taxes were paid prior to such sale.

2. A tax certificate issued in conformity with Section 74 of Act 170 of 1898 is conclusive evidence of such prior payment in favor of those acting upon the faith of such certificate.

Appeal from the Civil District Court, Parish of Orleans, No. 105,843, Division "D"; Honorable Porter Parker, Judge. Affirmed.

H. W. Robinson, for plaintiff and appellant.

Dart, Kernan & Dart, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Although the certificate obtained by Jones, the defendant, from the City of New Orleans when he purchased

217

from Richardson showed that the City taxes for 1910 had been paid, nevertheless the City did thereafter advertise and sell the property for said taxes to the Commercial Security Company, plaintiff herein. Jones subsequently secured judgment herein annulling the tax sale and now when he is seeking to execute said judgment opposition is made thereto by the Commercial Security Company, its contention being that under the Constitution, Article 233, the judgment is and will remain without effect until reimbursement has been made to it, as adjudicatee at the tax sale, of the price, taxes, costs, etc., paid by it at said sale.

Article 233 of the Constitution expressly declares that the adjudicatee is not entitled to reimbursement where the tax sale is annulled on account of the taxes having been paid prior to such sale. The tax certificate issued to Jones recited that the taxes for which the property was subsequently sold had been paid prior to such sale, and the statute under which said certificate was authorized declares that it shall "be conclusive evidence of the payment of all taxes therein certified to be paid." Section 74 of Act 170 of 1898.

It is therefore futile to examine the evidence adduced by the adjudicatee tending to support its contention that these taxes had not **in fact** been paid. The conclusive presumption of payment created by the statute cannot be overcome or contraverted by any proof that the fact is otherwise. It is an estoppel established in favor of all who act upon the faith of the certificate and operates as a bar to any future demand for said taxes whether presented by the City or by any one else.

This was the view taken by the trial Court, and it accordingly directed that the judgment annulling the tax

sale be executed without requiring reimbursement to be made to the adjudicatee. We concur in that conclusion and the judgment is therefore affirmed.

Affirmed.

Opinion and decree, February 19th, 1917.